# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
Kusi Youns
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-30313

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 29 year old man charged by way of criminal complaint with Knowingly Possessing with Intent to Distribute a Controlled Substance.

CONTINUE ON PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 30, 2010 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

On March 30, 2010 the Shelby Township Police were conducting surveillance on The Walton Lodge bar on Mound Road and observed that a black Dodge Charger and a white GMC cargo van with the name "Hanna Fruit Market, Sterling Heights" arrived at the parking lot in tandem.
A short (5'6") thin man with short dark hair exited the van and got into the Charger and the Charger, with other individuals in it, was driven to a nearby trucking yard at 6075 Auburn Road, approximately 1/4 mile east of The Walton Lodge. Shortly thereafter, the Charger returned to The Walton Lodge's parking lot, and the same short slightly built man with short dark hair got out of the Charger and into the van, and then drove the van back to the same trucking yard. After a short period of time, the van left the trucking yard and traveled west on Utica Road. Soon after that, a black 4-door Nissan sedan, registered to the Defendant, exited the trucking yard and traveled to The Walton Lodge parking lot, and parked near the Dodge Charger. Three males exited the Nissan and walked to the Dodge Charger. The male driver of the Nissan remained in the car. All four men were arrested and were placed in two separate police vehicles. Their conversations were recorded. Among other things, they repeatedly said to each other in Arabic/Aramaic statements that were subsequently translated as: "I really hope they don't catch Kusi....hopefully they didn't catch Kusi".

The Detective asked for assistance by the police to stop the van after it departed The Walton Lodge. Officer James Osterland of the Sterling Heights Police Department responded and pulled his marked vehicle behind the van and attempted to make a traffic stop by activating the emergency lights. The Defendant accelerated away from the police vehicle and fled, at times driving erratically into oncoming traffic. The van eventually crashed into a tree about a mile and half into its original point of flight, but just after the Defendant had bailed from the moving vehicle and fled on foot into a nearby wooded area. The Sterling Heights Police Department, assisted by a U.S. Coastguard helicopter, conducted a search for the Defendant but failed to locate him, and the search was called off.

Forty two bales of marijuana (field tested) were found inside the van. The marijuana (1641.5 pounds) has a street value of 1.4 million dollars. When Officer Osterland was presented with a photo of the Defendant he positively identified him as the driver of the van.

In May 2010 Defendant left the United States and went back to Iraq. Defendant is a legal permanent resident of the United States and has a valid green card. His application filed with the USCIS claims asylum from Mosul, Iraq where he previously worked. Defendant asserted in his application that were he to return to Iraq he would be killed by terrorists who have already threatened him with death. Nonetheless in May 2010 Defendant returned to Mosul, Iraq, purportedly to get his late father's affairs in order (allegedly his father was assassinated there earlier this year).

Defendant was taken into custody by federal agents at the airport upon his re-entry to the United States from Iraq on July 23, 2010.

Defendant asks for a bond, arguing that he has strong community ties and strong family ties. His grandmother, mother, four siblings, and other extended family members do live in the district. Additionally, his sister and her husband appeared in court and offered to be third party custodians should the court grant Defendant's motion for a bond. And it appears that Defendant has previously held various jobs for short periods of time at businesses owned by his uncle, although he currently is unemployed, having quit his job of two months as a driver for Hanna Fruit Market before he left the country in May, 2010. Defendant has retained counsel notwithstanding the fact that he is unemployed and has no assets or liabilities, and his monthly expenses total approximately $400, so it would appear that he has family support.

Defendant appears to have no known criminal history or outstanding warrants, but does have one alias name of Kusi Al-Hakeem. He legally resides in this country as a permanent resident.

Defendant is viewed to be a risk of flight based upon a preponderance of the evidence. He attempted to elude the police when they tried to make a traffic stop while he was driving the van, and speeded away, leading them on a mile and a half chase, and ultimately bailed from the moving vehicle and fled on foot into a wooded area, while the van crashed into a tree.

He then left the country a few weeks later and traveled to Iraq, where he renewed his Iraqi passport, and returned to this country on July 23, 2010.

Based upon the nature of the offense charged, the Defendant's alleged conduct while being pursued by law enforcement as he drove the van owned by his employer, his foreign ties, his foreign citizenship, and his recent travel to Iraq, this Defendant is deemed to be a risk of non-appearance. This is no condition or combination of conditions which would reasonably assure his appearance in court. Therefore, Detention is Ordered.